IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

```
D.G.S.D.,                         :
                                  :
        Petitioner,               :
                                  :
v.                                :   Case No. 4:25-cv-395-CDL-AGH
                                  :         28 U.S.C. § 2241
Warden, STEWART DETENTION         :
CENTER, et al.,                   :
                                  :
        Respondents.              :
_____
```

O R D E R

The Court previously considered Petitioner's application for a writ of habeas corpus and concluded that Petitioner was not subject to the mandatory detention requirements of 8 U.S.C. § 1225(b)(2). The Court thus granted Petitioner's habeas petition to the extent that it ordered Respondents "to provide Petitioner with a bond hearing to determine if Petitioner may be released on bond under" 8 U.S.C. § 1226(a)(2). Order (Dec. 3, 2025), ECF No. 9. Respondents complied with the Court's order and provided a bond hearing. The immigration judge denied bond, finding that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c). Petitioner argues that the Court's order did not permit an immigration judge to conclude that Petitioner was detained under § 1226(c), and Petitioner filed a motion to enforce judgment.

When the Court issued its order on Petitioner's habeas petition, the only question before the Court was whether the record

showed that Petitioner was detained as an "applicant for admission" who was "an alien seeking admission" within the meaning of 8 U.S.C. § 1225(b)(2). Because the record did not establish that Petitioner was an "applicant for admission" who was "an alien seeking admission" and because nothing in the record at that time suggested that Petitioner was subject to a different mandatory detention provision, the Court concluded that Petitioner was detained under § 1226(a) and was thus entitled to a bond hearing. But the Court did not consider whether Petitioner might be subject to a different mandatory detention provision, and nothing in the Court's order barred Respondents from detaining Petitioner under § 1226(c) if that provision applied.

Because Respondents provided a bond hearing as they were ordered to do, the Court finds that Respondents complied with the Court's order. Accordingly, Petitioner's motion to enforce judgement (ECF No. 11) is denied.

IT IS SO ORDERED, this 3rd day of February, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA